Case 1:22-cv-00144   Document 12   Filed on 03/29/23 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
March 29, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CLISERIA FABIAN, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 1:22-cv-144 |
| § | | |
| WALMART, INC., AND WALMART § | | |
| STORES TEXAS, LLC., § | | |
|     Defendants. § | | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On October 4, 2022, Plaintiff Cliseria Fabian sued Wal-Mart, Inc. and Wal-Mart Stores Texas, LLC (collectively "Wal-Mart") in the 138th District Court in Cameron County, Texas. Dkt. No. 1-2. Fabian alleges that a Wal-Mart employee struck her with a line of shopping carts, causing injuries. Id.

On October 18, 2022, Wal-Mart timely removed the case to this Court, asserting diversity jurisdiction. Dkt. No. 1.

On March 1, 2023, Fabian moved to amend the complaint to add John Paul Morales – the employee who was pushing the carts – as a defendant. Dkt. No. 10. The proposed addition of Morales would defeat diversity jurisdiction, as both Fabian and Morales are citizens of Texas. Id. Wal-Mart has filed a response, opposing the motion to amend. Dkt. No. 11.

After reviewing the record and the relevant case law, it is recommended that the motion to amend be denied. While the claims in the amended complaint meet the standard to amend under FED. R. CIV. P. 15, they do not meet the standard for adding a non-diverse defendant under 28 U.S.C. § 1447(e).

**I. Background**

On July 21, 2021, Fabian was shopping at the Wal-Mart store in Harlingen, Texas. Dkt. No. 1-2, p. 3. As she entered the store, a Wal-Mart employee – later identified as

1

Morales – struck Fabian with a line of shopping carts that he attempted to return to the front of the store. Id.  Fabian was knocked to the ground. Id.

On October 4, 2022, Fabian sued Wal-Mart in the 138th District Court in Cameron County, Texas. Dkt. No. 1-2.  Fabian made claims of premises liability, negligence, respondeat superior, and gross negligence. Id.  She sought over one million dollars in damages. Id.  She did not sue Morales, even under a fictitious John Doe identity.

On October 18, 2022, Wal-Mart timely removed the case to this Court, asserting diversity jurisdiction. Dkt. No. 1.  Fabian is a citizen of Texas, while Wal-Mart is a citizen of Arkansas and Delaware. Id.

On March 1, 2023, Fabian moved to amend the complaint to add Morales as a defendant as to the negligence claim. Dkt. No. 10.  The proposed addition of Morales would defeat diversity jurisdiction, as both Fabian and Morales are citizens of Texas. Id.  Fabian argued that she met the higher standard to amend a complaint to add a non-diverse defendant.

On March 20, 2023, Wal-Mart filed a response to the motion to amend. Dkt. No. 11.  Wal-Mart argued that the motion should be denied because Fabian's proposed amended complaint does not state a claim upon which relief can be granted against Morales. Id.

Fabian did not file a reply brief.

**II. Applicable Law**

When a plaintiff seeks to amend a complaint, the Court analyzes it under FED. R. CIV. P. 15(a). G & C Land v. Farmland Mgmt. Servs., 587 Fed. App'x 99, 103 (5th Cir. 2014).  However, if the amendment seeks to add a non-diverse party that would destroy the Court's jurisdiction, the Court must analyze the amendment under a higher standard found at § 1447(e). Feuerbacher v. Wells Fargo Bank Nat'l Ass'n for ABFC 2006-OPT 1 Tr., Asset Backed Funding Corp. Asset-Backed Certificates, Series 2006-OPT1, 701 F. App'x 297, 301 (5th Cir. 2017).  Accordingly, the Court will review both standards.

**A. Amendment**

FED. R. CIV. P. 15(a)(2) provides that "[t]he court should freely give leave [to amend pleadings] when justice so requires." "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant[;] repeated failure to cure deficiencies by amendments previously allowed[;] undue prejudice to the opposing party by virtue of allowance of the amendment[;] futility of amendment[;] etc. – the leave sought should, as the rules require, be 'freely given.' " Foman v. Davis, 371 U.S. 178, 182 (1962). Rule 15(a) promotes a policy of deciding litigation on the merits rather than procedural technicalities. Mayeaux v. Louisiana Health Service and Indem. Co., 376 F.3d 420, 427 (5th Cir. 2004).

In determining whether a proposed amended claim is futile, the Court reviews it under "the same standard of legal sufficiency as applies under Rule 12(b)(6)." Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 873 (5th Cir. 2000).

Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to plead sufficient facts "to state a claim to relief that is plausible on its face." Ferguson v. Bank of New York Mellon Corp., 802 F.3d 777, 780 (5th Cir. 2015) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," then dismissal is proper. Id. at 679.

"In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." Walker v. Beaumont Indep. Sch. Dist., 938 F.3d 724, 735 (5th Cir. 2019). All well-pled facts must be viewed in the light most favorable to the plaintiff. Schweitzer v. Inv. Comm. of Phillips 66 Sav. Plan, 960 F.3d 190, 194 (5th Cir. 2020).

**B. Adding Non-Diverse Defendant**

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

"The district court should scrutinize an amended pleading naming a new nondiverse defendant in a removed case more closely than an ordinary amendment." Moore v. Manns, 732 F.3d 454, 456 (5th Cir. 2013) (quoting Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987)) (internal quotations omitted).  The Court must consider the following factors when faced with a motion to amend to add a non-diverse defendant: "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." Priester v. JP Morgan Chase Bank, N.A., 708 F.3d 667, 679 (5th Cir. 2013) (citing Hensgens).

**III. Analysis**

Fabian seeks to add Morales as a defendant, making a negligence claim against him. The Court will first consider whether the proposed amendment is futile under FED. R. CIV. P. 15 and then whether Fabian has met the Hensgens factors to add a non-diverse defendant.

**A. Futility**

Fabian alleges that Morales was negligently moving the carts in a way that struck her, causing her injuries.  The Court finds that the proposed claim is not futile on its face.

The proposed amended complaint alleges that Morales was acting in the course and scope of his employment when he acted negligently. Dkt. No. 10-1, p. 5.  Under Texas law, "an employee may not be held individually liable unless she breaches an independent duty of care she owed to the injured party separate from her employer's duty." Bourne v. Wal Mart Stores, Inc., 582 F. Supp. 2d 828, 838 (E.D. Tex. 2008).  However, "a corporate agent is personally liable for his own fraudulent or tortious acts." Miller v. Keyser, 90 S.W.3d 712, 717 (Tex. 2002)

The United States District Courts in Texas, who have considered this issue, have developed a governing principle for premises liability in cases where claims are made against both the employee and the employer:

> If the pleadings allege the store manager or employee played a personal and active role in creating the dangerous condition at issue, then an independent duty of care existed, recovery was possible, and remand was appropriate. Where the pleadings allege the store manager was acting in his or her corporate capacity and was not personally involved in creating the condition, then the store manager owed no separate duty of care, recovery was not possible, and remand was inappropriate.

Champion v. Wal-Mart Stores of Texas, LLC, No. 5:16-CV-112-DAE, 2016 WL 1226942, at *3 (W.D. Tex. Mar. 24, 2016) (collecting cases).

Several United States District Courts in Texas have concluded that, where an employee played an active role in creating the dangerous condition, the employee had a duty of care to the patrons to the store – a duty independent of the employer's similar duty. See Gonzalez v. Wal-Mart Stores Texas, LLC, No. 2:13-CV-65, 2013 WL 1827924, at *1 (S.D. Tex. Apr. 30, 2013) (holding that a cause of action existed against Wal-Mart employees who personally inspected defective tire); Guzman v. Cordero, 481 F. Supp. 2d 787, 791 (W.D. Tex. 2007) (same); Land v. Wal-Mart Stores of Texas, LLC, No. SA-14-CV-009-XR, 2014 WL 585408, at *2 (W.D. Tex. Feb. 13, 2014) (holding that a cause of action existed against Wal-Mart employee who negligently operated a commercial floor cleaning machine).

Based on the allegations within the complaint, Morales had an independent duty to move the carts in a way that did not injure Fabian. Rose v. Urick, 2022 WL 18403030, at *3 (S.D. Tex. June 22, 2022).

Wal-Mart has argued that because Morales was acting within the scope and course of his employment, any claims are solely against Wal-Mart, making the amendment futile. Dkt. No. 11 (citing Leitch v. Hornsby, 935 S.W.2d 114, 117 (Tex. 1996)). This is not an accurate statement of the law.

5

In Leitch, the Texas Supreme Court held that an employee "can be liable to others, including other company employees, for his or her own negligence. However, individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." Leitch, 935 S.W.2d at 117.  As to the specific facts of that case, the Texas Supreme Court held that "a corporate officer acting on the corporation's behalf does not owe a corporate employee an individual duty to provide that employee with a safe work place," and that the individual officers did not undertake an independent tortious act against the plaintiff, precluding any liability for those officers. Id., at 118.  As other courts have recognized, Leitch is inapplicable in cases where an employee committed a tortious act against a customer. Gonzalez, 2013 WL 1827924, at *2.

Accordingly, the proposed amended claim made against Morales is not futile on its face, meeting the standard for amendment under FED. R. CIV. P. 15.  The Court now turns to whether Fabian has met the higher standard to add a non-diverse defendant.

**B. Non-Diverse Defendant**

As discussed earlier, the Court must use the Hensgens factors to determine whether the amendment should be permitted. Priester, 708 F.3d at 679.  Those factors require a determination as to: (1) what the extent the amendment's purpose is to defeat federal court jurisdiction; (2) whether the plaintiff has been dilatory in seeking amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; (4) any other factor bearing on the equities.  Each of these factors is addressed below.

**1. Purpose**

Based upon the facts presently before the Court, it would appear that Fabian is adding Morales as a defendant solely for the purpose of defeating federal court jurisdiction. Morales was not identified as a possible defendant – even under a fictitious John Doe identity – until after the complaint had been removed to federal court.

"[W]hen the plaintiff knew about the nondiverse party's activities at the time the suit was originally brought in state court but still chose not to include that party as an original defendant, courts have viewed any later attempt to add the nondiverse party as a

6

defendant as nothing more than an attempt to destroy diversity." Irigoyen v. State Farm Lloyds, 2004 WL 398553, at *3 (S.D. Tex. Jan. 5, 2004). Fabian has pointed to nothing to indicate why she did not add Morales as a defendant under a John Doe identity in state court, to give a clear indication of her intent to sue him, even if she did not know his name until discovery had been exchanged. Given this failure, this factor weighs heavily against amendment.

### 2. Dilatory

In a related inquiry, the Court must examine whether Fabian has been dilatory in adding Morales as a defendants. The facts indicate dilatory conduct.

Fabian filed her original state court complaint on October 4, 2022. Dkt. No. 1–2. she did not attempt to amend her complaint, to add Morales as a defendant, until March 1, 2023, which was nearly five months after the original complaint was filed. Dkt. No. 10.

Courts have viewed plaintiffs, who filed their proposed amendments sooner than Fabian has filed hers, as dilatory in seeking such amendments. Golden v. Gen. Motors LLC, 2017 WL 5633465, at *2 (W.D. Tex. Nov. 22, 2017) ("Three and a half months after the complaint was filed and more than two months after the case was removed constitutes considerable delay"); Phillips v. Delta Air Lines, Inc., 192 F. Supp. 2d 727, 729 (E.D. Tex. 2001) (waiting "over two months from the time the Original Petition was filed, and almost thirty days after removal before asking" to amend the complaint was dilatory.); WNWSR, L.L.C. v. Chesapeake Energy Corp., 2015 WL 7357840, at *5 (S.D. Tex. Nov. 19, 2015) (waiting "more than three months after filing the Original Petition in state court, and more than two months after Defendant removed the action to federal court" was "dilatory conduct."); Rouf v. Cricket Commc'ns, Inc., 2013 WL 6079255, at *3 (S.D. Tex. Nov. 19, 2013) (waiting until "over a month after the case was originally filed and one month after the notice of removal was filed" was "sufficiently dilatory"); Gill v. Michelin N. Am., Inc., 3 F. Supp. 3d 579, 586 (W.D. Tex. 2013) (motion to amend filed "three weeks after removal" was considered dilatory).

On the other hand, a plaintiff was held to not be dilatory when it filed the amendment "six minutes after the [defendant] filed their Notice of Removal." LJH, Ltd. v. Comerica Inc., 2016 WL 69912, at *3 (E.D. Tex. Jan. 6, 2016). The contrast seems obvious.

Fabian's delay in this case was dilatory; she did not seek to amend until nearly five months after the original state court petition was filed and more than four months after this case was removed to this Court. As such, this factor also weighs against amendment.

### 3. Prejudice

The Court must consider whether Fabian would be prejudiced by the denial of the motion to amend. There appears to be no prejudice resulting from the denial. Fabian has provided no evidence that Wal-Mart would be unable to solely pay any judgment that she might receive at trial. Courts have consistently held that if the plaintiff can made whole by the defendants remaining in the case, there is no prejudice in denying the motion to amend. Gill, 3 F. Supp. 3d at 586; Rouf, 2013 WL 6079255, at *3; Feuerbacher v. Wells Fargo Bank, 2015 WL 7756128, at *3 (E.D. Tex. Dec. 1, 2015); see also Smith v. Wal-Mart Louisiana, L.L.C., 2022 WL 807999, at *1 (5th Cir. Mar. 16, 2022) ("The district court was well within its discretion to deny amendment to add a non-diverse hourly employee who was in the course of performing general administrative duties."). Accordingly, this factor also weighs in favor of denying the motion to amend.

### 4. Equities

There is no indication in the record of any other equities which would bear on the fairness of granting or denying the motion to amend. Accordingly, this factor is neutral.

### 5. Conclusion

After weighing the applicable factors, the predicate for permitting the amendment is lacking. The motion seems to be solely for the purpose of defeating diversity jurisdiction. Further, the delay in seeking the amendment satisfies the criteria for being dilatory. Finally, Fabian will not be prejudiced by denial of the motion. For these reasons, the motion for leave to amend should be denied.

## IV. Recommendation

It is recommended that the motion to amend be denied. Dkt. No. 10.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1).  A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings.  If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on March 29, 2023.

_____
Ronald G. Morgan
United States Magistrate Judge